UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11CV-216-H

SHEA JOHNSON                                                                                          PLAINTIFF

V.

LOUISVILLE INTERNATIONAL AIRPORT
LOUISVILLE REGIONAL AIRPORT AUTHORITY
ATLANTIC SOUTHEAST AIRLINES, INC.
DELTA AIRLINES, INC.
SKYWEST AIRLINES, INC.                                                                      DEFENDANTS


ATLANTIC SOUTHEAST AIRLINES, INC.
DELTA AIRLINES, INC.
SKYWEST AIRLINES, INC.                                                       THIRD-PARTY PLAINTIFFS

V.

UNITED STATES OF AMERICA                                              THIRD-PARTY DEFENDANT


**MEMORANDUM OPINION AND ORDER**

This is your basic federal court dog bite case. The dispute arises from an alleged dog-biting incident which occurred while Plaintiff, Shea Johnson, was a passenger on a Delta Airlines flight from Louisville to Myrtle Beach. Plaintiff originally sued, among others, the Louisville Regional Airport Authority (the "Authority") and Delta Airlines ("Delta") in Jefferson Circuit Court. On or about February 2, 2011, Delta and two other airline defendants (collectively, the "Third-Party Plaintiffs") brought a third-party action against David E. Steele, Jr., an active duty U.S. Army soldier who brought the dog on the airplane. The United States then certified that Steele was acting within the scope of his employment and removed the entire

matter to this Court pursuant to 28 U.S.C. § 1442[1] on April 8, 2011.[2] The Authority has moved to dismiss on the grounds of immunity and the absence of a legal duty. The United States has moved to dismiss on the grounds that this Court lacks subject matter jurisdiction.

The claims against the Authority are easily resolved.[3] It is inconceivable to this Court that the Authority has liability for actions that did not occur on its property, and regarding an animal which was owned and controlled by a third person. Were any further reasons needed, the Kentucky Supreme Court has held that airport boards are immune from suit under the doctrine of sovereign immunity. *Comair, Inc. v. Lexington-Fayette Urban Cnty. Airport Corp.*, 295 S.W.3d 91, 99 (Ky. 2009). Plaintiff wishes that the law was different, but seems to concede to its current status.

The United States has argued that the third-party complaint must be dismissed because the state court never had subject matter jurisdiction over the claims prior to their removal. Third-Party Plaintiffs' claims against the United States fall within the scope of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679 *et seq*, and federal courts have exclusive jurisdiction over FTCA suits. 28 U.S.C. § 1346(b)(1). The ability to remove interacts in a potentially unusual manner with the doctrine of derivative jurisdiction. Under the derivative jurisdiction doctrine, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would

---

[1] 28 U.S.C. § 1442 allows the United States or any officer of the United States being sued in an official capacity to remove any civil or criminal action against them to federal district court. *28 U.S.C. § 1442(a)(1)*.

[2] This Court officially substituted the United States for David Steele as a third-party defendant on May 17, 2011.

[3] Everyone seems to agree that the Louisville International Airport cannot be sued as a separate entity.

2

have had jurisdiction." *Minnesota v. U.S.*, 305 U.S. 382, 389 (1979). Under this doctrine, this Court could not acquire subject matter jurisdiction from the state court because the state court lacked subject matter jurisdiction.

Third-Party Plaintiffs attack the viability of the derivative jurisdiction doctrine itself. The thrust of their argument is that in 1986, Congress amended 28 U.S.C. § 1441, explicitly stating that the derivative jurisdiction doctrine does not apply to cases removed under that section. Third-Party Plaintiffs argue that as a practical matter, the doctrine should no longer apply to 28 U.S.C. § 1442, and cites an Eighth Circuit case from 1991 in support of their proposition. The Court cannot find, however, that Congress has written out the doctrine. Even though the application of the removal and derivative jurisdiction doctrine may seem slightly unfair, their application here seems appropriate.

First, Congress amended 28 U.S.C. § 1441 once more in 2002, replacing less specific language regarding the inapplicability of the derivative jurisdiction doctrine with more specific language. At least one federal court has interpreted the 2002 amendment as an indication that Congress intended only to restrict the doctrine's applicability to Section 1441. *See Barnaby v. Quintos*, 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005). Second, although the Sixth Circuit has not yet addressed this issue, the district courts within the Sixth Circuit have uniformly agreed that the derivative jurisdiction doctrine applies to 28 U.S.C. § 1442. *See Cobble v. Geithner*, No. 3:11CV-21-S, 2011 U.S. Dist. LEXIS 45908, *3 (W.D. Ky. Apr. 28, 2011); *Pickett v. Office of Disability Adjudication & Review*, No. 3:08 CV 2553, 2009 U.S. Dist. LEXIS 49759, *10-11 (N.D. Oh. June 15, 2009); *Taylor v. U.S.*, No. 06-2-C, 2006 U.S. Dist. LEXIS 53217, *4 (W.D. Ky. July 18, 2006). Furthermore, there is also more recent Court of Appeals support for

3

applying the doctrine to cases removed under 28 U.S.C. § 1442. *See Palmer v. Nat'l Bank*, 498 F.3d 236, 239 (4th Cir. 2007).

Third Party Defendants argue that the unfairness of these procedures amounts to the ultimate version of judicial "catch-22," because the federal allegations were sufficient for removal, but insufficient to retain it after removal. The Court considered this argument carefully in connection with applying the derivative jurisdiction doctrine. First, the Third Party Plaintiffs can file their claim within the Federal Tort Claims Act administrative process. Moreover, in the state proceeding, they may well be entitled to an apportionment instruction against the United States. Consequently, the application of the derivative jurisdiction doctrine remains proper under current precedent and will not be so unfair in its application here.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of the Airport Authority is SUSTAINED and all claims against it and the Louisville International Airport are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion of the United States is SUSTAINED and the third-party claims against it are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's claims against the remaining Defendants, Atlantic Southeast Airlines, Inc., Delta Airlines, Inc., and Skywest Airlines, Inc., are REMANDED to Jefferson Circuit Court.

cc: Counsel of Record